MICHAEL L. TRACY, ESQ., SBN 237779
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff
PAULA HIBBS-RINES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PAULA HIBBS-RINES, an individual, on behalf of herself and all other similarly situated, and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General<br><br>Plaintiff,<br><br>vs.<br><br>SEAGATE TECHNOLOGIES, LLC, a Delaware limited liability company; I365, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: C08-05430<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, AND UNFAIR BUSINESS PRACTICES**<br><br>**COLLECTIVE ACTION CLAIMS FOR UNPAID OVERTIME AND LIQUIDATED DAMAGES UNDER THE FLSA**<br><br>**PRIVATE ATTORNEY GENERAL CLAIMS FOR UNPAID OVERTIME, IMPROPER PAY STUBS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PAULA HIBBS-RINES, alleges:

## JURISDICTION

1. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. §201 et seq. are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay

-1-
FIRST AMENDED COMPLAINT – C08-5430

was willful. The failure to provide proper pay checks stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

3. This Court is the proper court and this action is properly filed in the County of Alameda and in this judicial district because Defendants do business in the County of Alameda, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Alameda is the subject of this action.

4. This complaint contains causes of action brought pursuant to Labor Code § 2698, et seq. which allows Plaintiff to sue on behalf of the State of California Labor and Workforce Development Agency ("LWDA") as a Private Attorney General. Pursuant to Labor Code § 2699(i), 75% of any penalties recovered under this third type of action will be paid to the LWDA, with the Plaintiff receiving the remaining 25%.

5. Private Attorney General Act causes of action do not require class certification.

6. The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

7. Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts

1  and omissions alleged herein within the course and scope of said relationship, and are a
2  proximate cause of Plaintiff's damages as herein alleged.

3  **PARTIES**

4      8.    Plaintiff PAULA HIBBS-RINES ("HIBBS-RINES") was jointly employed
5  by Defendants from April 11, 2005 through September 19, 2008.

6      9.    Defendant SEAGATE TECHNOLOGY, LLC ("SEAGATE") is a Delaware
7  limited liability company doing business in the County of Alameda, State of California.

8      10.    Defendant I365, INC. ("I365") is a Delaware corporation doing business in
9  the County of Alameda, State of California.

10 **CLASS ACTION ALLEGATIONS**

11     11.    Plaintiff brings this action on behalf of himself and all others similarly
12 situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3). Plaintiff seeks to
13 represent a class of all I365 Administrators who are currently employed or have been
14 employed by defendants within the State of California who at any time four (4) years prior
15 to the filing of this lawsuit: (1) worked more than 8 hours in a day or 40 hours in a week
16 without being compensated at the proper premium rate, (2) received a pay check stub that
17 did not accurately reflect all the information required by Labor Code § 226, or (3) were
18 willfully not paid all wages upon leaving employment with Defendants.

19     12.    The term "I365 ADMINISTRATORS" includes, but is not limited to, anyone,
20 regardless of job title, who was primarily engaged in the design, installation, or
21 configuration of computer networks; and anyone, regardless of job title, who was primarily
22 engaged in the backup and recovery of computer data.

23     13.    Plaintiff proposes the following Class which will be referred to as the
24 "California Overtime Class:"

25     All persons who, from three years prior to the commencement of this
26     action up to the time of judgment, worked as I365 ADMINISTRATORS
27     for SEAGATE or I365 within the State of California.

28     14.    Plaintiff proposes the following Class which will be referred to as the

"California Pay Stub Class:"

> All persons who, from three years prior to the commencement of this action up to the time of judgment, worked as I365 ADMINISTRATORS for SEAGATE or I365 within the State of California.

15. Plaintiff proposes the following Class which will be referred to as the "California Waiting Time Class:"

> All members of the California Overtime Class who are no longer employed by SEAGATE or I365.

16. Plaintiff proposes the following Class which will be referred to as the "California Unfair Competition Class:"

> All persons who, from four years prior to the commencement of this action up to the time of judgment, worked as I365 ADMINISTRATORS for SEAGATE or I365 within the State of California.

17. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

18. A Class Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact. Questions of law and fact common to the class action include, but are not limited to:

    a. Whether Defendants failed and continue to fail to pay a proper overtime rate.

    b. Whether Defendants' pay check stubs comply with Labor Code § 226 and whether employees would suffer injury in that the stubs are confusing and require significant work by the employee to determine how many hours they actually worked.

    c. Whether Defendants willfully refused and continue to refuse to pay employees whose employment with Defendants has been terminated all of their wages upon termination.

19. Plaintiff and the Class Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' illegal labor violations in their refusal to pay proper overtime, their refusal to properly pay for missed meal breaks, their refusal to provide adequate pay stubs, and their refusal to pay employees all of their wages upon termination.

20. The claims of the Plaintiff are typical of those of the class, and plaintiff will fairly and adequately represent the interests of the class.

21. The persons of this class are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. While the precise number of proposed class members has not yet been determined, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over 40 I365 ADMINISTRATORS.

22. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants.

23. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual member, including legal and factual issues relating to liability and damages.

24. Class action treatment will allow those similarly situated person to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

25. In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the class action, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring the Fourth Cause of Action for violation of the Fair Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who are potential members of the California Overtime Class ("Collective Action Plaintiffs").

27. The Fourth Cause of Action for violations of the FLSA is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all violations of the FLSA.

28. A Collective Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact. Questions of law and fact common to the collective action include, but are not limited to:

    a. Whether Defendants failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

    b. Whether Defendants' policy and practice of failing to pay overtime pay to I365 ADMINISTRATORS was willful, within the meaning of the FLSA.

    c. Whether Defendants are subject to the provisions of the FLSA.

29. Plaintiff and the Collective Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' refusal to pay proper overtime in violation of the FLSA. The claims of the Plaintiff are typical of those of the class and plaintiff will fairly and adequately represent the interests of the class.

30. The persons of this class of are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the court. In addition, each class member must give his or her permission to be represented in this action under the "opt-in" provisions of 29 U.S.C. § 216(b).

31. In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the collective action, as defined above, are not "similarly

situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

### PRIVATE ATTORNEY GENERAL ALLEGATIONS

32. Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act ("PAGA") of 2004, Plaintiff is entitled to recover civil penalties on behalf of herself and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

33. Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections 226, subdivision (a), 510, 226.7, 1198, and 212. These sections are all listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

34. Plaintiff is an aggrieved employee of some of these labor violations as set out in this complaint. She brings the PAGA causes of action for violations against all AGGRIEVED EMPLOYEES, as defined below.

35. Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendant I365 stating the above mentioned code violations with facts to support each allegation. The certified mail was postmarked September 18, 2008. A copy of this notification is attached as Exhibit A.

36. The LWDA notified Plaintiff by certified mail in a letter dated October 24, 2008 that they do not intend to investigate the allegations. As such, Plaintiff may commence a civil action pursuant to Cal. Labor Code § 2699.

37. Cal. Labor Code § 2699(i) requires that any civil penalties be split with 75% paid to the LWDA and 25% paid to Plaintiff.

38. The PAGA causes of action are brought for labor violations committed on the following group of AGGRIEVED EMPLOYEES: All current and/or former I365 Administrators, Senior I365 Administrators, Disaster Recovery Network Engineers, I365 Managers, Senior I365 Managers, Software Engineers, Senior Software Engineers, Great Plains Applications Administrators, Service Operation Engineers, Market Intelligence

Interns, Sales Engineers, Installation Engineers, and Technical Support Engineers. The above listed job titles are the job titles that I365 currently lists on their website. However, the AGGRIEVED EMPLOYEES include any person, regardless of job title who was primarily engaged in the design, installation, or configuration of computer networks, any person, regardless of job title, who was primarily engaged in the writing or testing of computer software, and any person, regardless of job title who was primarily engaged in the backup and recovery of computer data.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER
## CALIFORNIA INDUSTRIAL WELFARE COMMISSION
## ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST SEAGATE, I365, and DOES 1-5)

39. Plaintiff refers to and incorporates by reference Paragraphs 1 through 38.

40. This cause of action is brought against SEAGATE, I365, and DOES 1-5, jointly and individually.

41. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Overtime Class.

42. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

43. Plaintiff HIBBS-RINES worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

44. Plaintiff HIBBS-RINES was entitled to the above overtime premiums.

45. Defendants did not pay Plaintiff premium wages of at least one and one-half

1 times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

46. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

47. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

48. Plaintiff HIBBS-RINES worked at least one pay period in which she was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

49. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

50. As a proximate result of Defendants' violations, Plaintiff HIBBS-RINES has been damaged in an amount in excess of $90,968 and subject to proof at time of trial.

51. Plaintiff HIBBS-RINES is informed and believes that all class members of the California Overtime Class were similarly not paid overtime under Industrial Welfare Commission Order No. 4-2001.

52. Pursuant to Labor Code §§ 218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff HIBBS-RINES is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

## UNDER LABOR CODE SECTION 226

## (AGAINST SEAGATE, I365, and DOES 1-5)

53. Plaintiff refers to and incorporates by reference Paragraphs 1 through 52.

54. This cause of action is brought against SEAGATE, I365, and DOES 1-5, jointly and individually.

55. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Pay Stub Class.

56. Pursuant to Labor Code § 226, every employer must furnish each employee

-9-
FIRST AMENDED COMPLAINT – C08-5430

an itemized statement of wages and deductions at the time of payment of wages.

57. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

58. Plaintiff and class members suffered injury from the lack of proper information on the pay stubs provided by Defendants.

59. Plaintiff and class members suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

60. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

### (AGAINST SEAGATE, I365, and DOES 1-5)

61. Plaintiff refers to and incorporates by reference Paragraphs 1 through 60.

62. This cause of action is brought against SEAGATE, I365, and DOES 1-5, jointly and individually.

63. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Waiting Time Class.

64. Plaintiff's employment with Defendants was terminated on September 19, 2008.

65. Defendants willfully refused and continues to refuse to pay Plaintiff HIBBS-RINES unpaid wages as required by Labor Code § 203. Defendants know that the pay is due and are refusing to pay it.

66. Plaintiff is informed and believes that all class members of the California Waiting Time Class were similarly treated in that they were not properly paid all their overtime wages upon termination.

67. Plaintiff HIBBS-RINES requests damages and penalties as provided by Labor Code § 203 in an amount subject to proof at time of trial.

FIRST AMENDED COMPLAINT – C08-5430

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

68. Plaintiff refers to and incorporates by reference Paragraphs 1 through 67.

69. This cause of action is against all Defendants, jointly and individually.

70. This cause of action is brought individually and on behalf of all similarly situated employees as defined in the Collection Action Plaintiffs.

71. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

72. Plaintiff worked numerous weeks in excess of forty (40) hours.

73. Plaintiff was entitled to the above overtime premiums.

74. Defendants failed to compensate Plaintiff for any overtime premiums.

75. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

76. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

77. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

78. Defendant SEAGATE was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

79. Defendant SEAGATE was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

80. Defendant SEAGATE conducted business with a total gross sales volume in

-11-
FIRST AMENDED COMPLAINT – C08-5430

excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

81. Defendant SEAGATE employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

82. Defendant I365 was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

83. Defendant I365 was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

84. Defendant I365 conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

85. Defendant I365 employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

86. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

87. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

88. Plaintiff prays for judgment for overtime pay of $90,968. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

89. Plaintiff prays for judgment for liquidated damages in the amount of $90,968. This amount is supplemental to the relief requested in all other causes of action.

90. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200
## (AGAINST SEAGATE, I365, and DOES 1-5)

91. Plaintiff refers to and incorporates by reference Paragraphs 1 through 90.

92. This cause of action is brought against SEAGATE, I365, and DOES 1-5, jointly and individually.

93. This cause of action is brought individually by Plaintiff HIBBS-RINES and

on behalf of all similarly situated employees as defined in the California Unfair Competition Class.

94. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et. seq.

95. Plaintiff HIBBS-RINES prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SIXTH CAUSE OF ACTION
## CIVIL PENALTIES FOR OVERTIME VIOLATIONS
## (AGAINST ALL DEFENDANTS)

96. Plaintiff HIBBS-RINES refers to and incorporates by reference Paragraphs 1 through 95.

97. This cause of action is brought against all Defendants jointly and individually.

98. Plaintiff HIBBS-RINES is informed and believes that all AGGRIEVED EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab. Code §§ 510 and 558.

99. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

100. Cal. Labor Code § 558 provides that an "employer or other person acting on behalf of an employer" who causes such a violation will be subject to a $50 penalty for each pay period for each employee.

101. Cal. Labor Code § 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

102. Plaintiff HIBBS-RINES prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
## CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS
## (AGAINST SEAGATE, I365, and DOES 1-5)

103. Plaintiff HIBBS-RINES refers to and incorporates by reference Paragraphs 1

through 102.

104. This cause of action is brought against SEAGATE, I365, and DOES 1-5, jointly and individually.

105. Cal. Labor Code § 226(a)(9) requires that the employer provide a pay stub that lists "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

106. Cal. Labor Code § 226(a)(1) requires that the gross wages earned by the employee.

107. Plaintiff HIBBS-RINES is informed and believes that Defendants failed to comply with Labor Code §226(a) for all AGGRIEVED EMPLOYEES.

108. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

109. Cal. Labor Code § 226.3 provides that any employer who violates § 226(a) will be subject to a civil penalty of $250 per employee per pay period.

110. Plaintiff HIBBS-RINES prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

WHEREFORE, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff HIBBS-RINES and members of the California Overtime Class in an amount subject to proof at trial.

2. For liquidated damages in an amount subject to proof at trial.

3. For damages and penalties under Labor Code § 226 for Plaintiff HIBBS-RINES and members of the California Pay Stub Class in an amount subject to proof at trial.

4. For damages and penalties pursuant to Labor Code § 203 for Plaintiff HIBBS-RINES and members of the California Waiting Time Class in an amount subject to proof at trial.

5. For restitution and disgorgement for all unfair business practices against Plaintiff HIBBS-RINES and members of the California Unfair Competition Class in an amount subject to proof at trial.

6. For prejudgment and post judgment interest.

7. Civil penalties under the Private Attorney General Act in an amount in excess of $400,000 and subject to proof at trial.

8. Cost of suit.

9. Attorneys' fees.

10. For such other and further relief as the court may deem proper.

DATED: December 18, 2008

LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
PAULA HIBBS-RINES

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: December 18, 2008

LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
PAULA HIBBS-RINES