**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA HIBBS-RINES,

    Plaintiff,

v.

SEAGATE TECHNOLOGIES, LLC., *et al.*,

    Defendants.

No. C 08-05430 SI

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE and DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT**

Defendants' motions to strike and for a more definite statement are scheduled for a hearing on March 6, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. As set forth below, the Court DENIES in part and GRANTS in part defendants' motion to strike. The Court DENIES defendants' motion for a more definite statement. Plaintiff is given leave to amend her complaint. <u>Plaintiff shall file an amended complaint by **March 16, 2009**</u>.

**BACKGROUND**

Plaintiff Paula Hibbs-Rines filed her first amended complaint ("FAC") against defendants Seagate Technologies, LLC and i365, Inc. on December 12, 2008. Plaintiff asserts that Seagate and i365 were her "joint employers," and alleges numerous wage violations under both federal and state law. Plaintiff files her complaint as a class action, collective action, and representative action.

Plaintiff brings her California claims as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff states that she seeks to "represent a class of all i365 Administrators who are currently employed or have been employed by defendants within the State of California who at any time

four (4) years prior to the filing of this lawsuit: (1) worked more than 8 hours in a day or 40 hours in a week without being compensated at the proper premium rate, (2) received a pay check stub that did not accurately reflect all the information required by Labor Code § 226, or (3) were willfully not paid all wages upon leaving employment with Defendants." FAC, ¶ 11, Docket No. 4. Plaintiff further identifies four subclasses: the "California Overtime Class," the "California Pay Stub Class," the "California Waiting Time Class," and the "California Unfair Competition Class." FAC, ¶¶ 13-16. Plaintiff brings her FLSA claims as an opt-in collective action. Finally, plaintiff seeks civil penalties under the California Private Attorney General Act, California Labor Code section 2698 *et seq.* ("PAGA") for various violations of the California Labor Code on behalf of herself and other aggrieved employees. Plaintiff states that she brings her PAGA claims on behalf of the following group of "Aggrieved Employees: All current and/or former i365 Administrators, Senior i635 Administrators, Disaster Recovery Network Engineers, i365 Managers, Senior i365 Managers, Software Engineers, Senior Software Engineers, Great Plains Applications Administrators, Service Operation Engineers, Market Intelligence Interns, Sales Engineers, Installation Engineers, and Technical Support Engineers." FAC, ¶ 38. Plaintiff further clarifies that the "the Aggrieved Employees include any person, regardless of job title, who was primarily engaged in the design, installation, or configuration of computer networks . . . the writing or testing of computer software, and . . . backup and recovery of computer data." *Id.*

Defendants move to strike various parts of plaintiff's complaint, and in the alternative move for a more definite statement. Specifically, defendants move to strike plaintiff's purported class definitions, PAGA allegations, joint employer allegations, claims against Seagate, Doe defendants, and allegations seeking disgorgement. In the alternative, defendants seek a more definite statement regarding plaintiff's purported class definitions and PAGA allegations.

**LEGAL STANDARDS**

**1.    Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of

a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A motion to strike may be appropriate where it will streamline the ultimate resolution of the action . *See Fantasy*, 984 F.2d at 1528. However, because of the limited importance of pleadings in federal matters, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

**2.    Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading this is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (*citing Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist*., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). If the complaint notifies the defendant of the substance of the plaintiff's claim, a 12(e) motion should not be granted. *San Bernardino Pub. Employees Ass'n v. Stout,* 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). A 12(e) motion should also be denied if the detail sought is obtainable through discovery. *Davison v. Santa Barbara High Sch. Dist*., 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

## DISCUSSION

**1.    General Class Allegations**

Defendants allege that plaintiffs purported class allegations are vague and unascertainable. Defendants argue that plaintiff has not identified any job titles that actually exist at either company. Because the job title "i365 Administrator" does not exist, defendants claim they can only guess at the specific nature of the proposed class. Furthermore, defendants argue that plaintiff's definitions will require the Court to make fact-intensive and legal determinations into the primary job duties of each individual to determine the scope of each class.

Defendants correctly assert that class allegations may be stricken at the pleading stage. *See Kamm v. California City Development Co.*, 509 F.2d 205, 212 (9th Cir. 1975). However, motions to strike class allegations "are disfavored because a motion for class certification is a more appropriate vehicle" for arguments about class propriety. *Thorpe v. Abbott Labs, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008). Indeed, "the granting of motions to dismiss class allegations before discovery has commenced is rare." *In Re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). Instead, courts generally review class allegations through a motion for class certification. *Id.* at 614. Such a motion "should be filed 'as soon as practicable' after a defendant answers." *Id.*; Fed. R. Civ. Proc. 23(c)(1). Defendants have not yet answered plaintiff's complaint.

While plaintiff's class definitions may be insufficiently definite for the reasons cited in defendants' moving papers, the Court finds that the motion to strike the class allegations is premature. Plaintiff should at least be permitted to conduct some discovery before the Court rules on the propriety of the class allegations. The class determination "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (internal quotation omitted). Discovery is integral to developing the "shape and form of a class action." *In Re Wal-Mart*, 505 F. Supp. 2d at 615 (internal quotation omitted).

The Court will determine the propriety of the class allegations during the class certification process. Just as in *In Re Wal-Mart*, where the court denied a similar motion to strike as premature, the

defendants here "have not answered [the complaint], discovery has not yet commenced, and no motion for class certification has been filed." *In Re Wal-Mart*, 505 F. Supp. 2d at 616. For these same reasons, the Court DENIES defendants' motion to strike the class allegations, but "without prejudice as to [defendants'] ability to move to strike or dismiss the class allegations if and when class certification is sought." *Id.*

The Court also DENIES defendants' motion for a more definite statement. As noted above, a motion for a more definite statement "is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her." *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996). "Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Here, the information defendants seek is available through the discovery process. Furthermore, defendants are more likely to be in possession of employment records and other data relevant to these claims. Thus, the Court finds that a more definite statement is not warranted here.

### 2.     PAGA Class Allegations

Defendants next argue that plaintiff's PAGA allegations should be stricken for failure to satisfy the requirements of Federal Rule of Civil Procedure 23. Plaintiff responds that representative actions brought under PAGA are not required to comply with class action pleading requirements.

As an initial matter, defendant does not specify how failure to comply with Rule 23 renders allegations "redundant, immaterial, impertinent, or scandalous," as required by a Rule 12(f) motion to strike. Furthermore, even if failure to comply with class action pleading requirements subjects a claim to a Rule 12(f) motion to strike, the issue of whether PAGA claims must be brought as a class action is currently undecided in California. In *Arias v. Sup. Ct. of San Joaquin County*, 153 Cal. App. 4th 777 (Ct. App. 2007), a California appellate court addressed the matter and held that PAGA claims are expressly exempt from class action pleading requirements. However, that opinion was subsequently superseded by grant of review by the California Supreme Court, 169 P.3d 887 (2007), and thus the matter is currently unsettled in California. Therefore, because the matter is undecided, the Court must

5

apply the law as it believes the California Supreme Court would do under the circumstances. *Summit P'Ship v. Turner Broad. System, Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). The Court looks to the text of itself, and has also reviewed the judicially noticed legislative history of the statute.[1]

The text of the PAGA states that an "aggrieved employee" may bring an action for civil penalties for violations of the Labor Code "on behalf of himself or herself and other current or former employees." Cal. Labor Code § 2699(a). An "aggrieved employee" may recover civil penalties for *violations* of certain sections of the Labor Code and any penalties assessed are split between the Labor and Workforce Development Agency and the plaintiff, with 75% going to the former and 25% to the latter. Cal. Labor Code § 2699.

Defendant argues that plaintiff's broad categorization of "Aggrieved Employees" is impermissible and serves to circumvent the requirements of Rule 23. The Court agrees that plaintiff's description of "Aggrieved Employees" is broad. However, defendants overlook that civil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA. Thus, while the Court agrees that plaintiff's "Aggrieved Employees" description may be overly broad, it is not necessary to strike that portion of the FAC at this stage. If plaintiff can prove that defendant violated the California Labor Code with respect to all the employees described in the FAC as "Aggrieved Employees," plaintiff will be able to argue that civil penalties are appropriate under PAGA. If plaintiff cannot prove such violations, no penalties will be assessed under PAGA. Thus, defendants' motion to strike plaintiff's PAGA allegations is DENIED. The Court notes, however, that should it receive conflicting instruction in the form of a decision from the California Supreme Court it will modify this Order as required by the decision.

Defendants' motion for a more definite statement is also DENIED for the reasons stated in the above section. "A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her." *San Bernardino Pub. Employees Ass'n v. Stout,* 946 F. Supp.

---

[1] Defendants' Request for Judicial Notice, Docket No. 12, is GRANTED.

790, 804 (C.D. Cal. 1996)

### 3.     "Joint-Employer" and Standing to Sue Defendant Seagate

Defendants argue that plaintiff has not adequately alleged that Seagate and i365 were plaintiff's "joint employers," that plaintiff was not an employee of Seagate, and that plaintiff therefore has no standing to sue Seagate. Defendants move to strike plaintiff's joint employer allegations and all allegations as to Seagate. Plaintiff responds in a section entitled "Defendants' other arguments are too trivial to deal with," that by simply alleging that plaintiff was "jointly employed" by defendants, she has satisfied Rule 8's pleading requirements. Pl. Opp. at 12, Docket No. 16.

The Court agrees with defendants that plaintiff's allegations as to joint employment by defendants are cursory. Plaintiff alleges simply that she was "jointly employed" by defendants. FAC ¶ 8. She also alleges that defendants, "each and all of them . . . were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining [d]efendants." FAC ¶ 7.

A complaint must meet a standard of "plausibility" as opposed to merely "possibility" in order to survive a motion to dismiss (and, presumably, a motion to strike a specific portion of the complaint as opposed to the entire complaint). *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007). Heightened fact pleading of specifics is not required, but plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Furthermore, while plaintiff is correct in asserting that when ruling on a motion to strike the court accepts as true the pleader's factual allegations, *see Vokal v. United States*, 177 F.2d 619, 623-24 (9th Cir. 1949), a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff's joint employer allegations are insufficient because they are legal conclusions, not factual allegations. Whether two entities are "joint employers" is a legal conclusion that, under California law, "depends on a factual inquiry into the 'totality of the working relationship of the parties.'" *Vernon v. State*, 116 Cal. App. 4th 114, 124 n. 7 (Ct. App. 2004). While plaintiff is not required to conclusively establish that defendants were her joint employers at the pleading stage,

plaintiff must at least allege *some* facts in support of this legal conclusion. *See Bell Atlantic*, 127 S. Ct. at 1959 (a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions"). Therefore, defendants' motion to strike plaintiff's joint employer allegations and all allegations as to Seagate is GRANTED with leave to amend.

### 4.     **Doe Defendants and "Disgorgement"**

Defendants move to strike the "Doe Defendants" from the complaint on the ground that Doe defendants are improper in federal pleading. Defendants also move to strike plaintiff's request for disgorgement from the prayer for relief on the ground that disgorgement is not a proper remedy for violations of Cal. Bus. & Prof. Code § 17200. In her opposition, plaintiff agrees to strike the Doe defendants and the word "disgorgement" from its complaint. *See* Pl. Opp. at 13. Docket No. 16. Therefore, the Court GRANTS this portion of defendants' motion to strike, and orders the words "Doe defendants" and "disgorgement" stricken from the complaint.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES in part and GRANTS in part defendants' motion to strike. The Court DENIES defendants' motion for a more definite statement. Plaintiff is given leave to amend her complaint to allege facts in support of her theory that defendants were her joint employer. Plaintiff shall file an amended complaint by **March 16, 2009**.

**IT IS SO ORDERED.**

Dated: March 2, 2009

SUSAN ILLSTON
United States District Judge