1  MICHAEL L. TRACY (STATE BAR NO. 237779)
   MEGAN ROSS HUTCHINS (STATE BAR NO. 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA  92614
   mhutchins@michaeltracylaw.com
4  T: (949) 260-9171
   F: (866) 365-3051
5
   Attorneys for Plaintiff
6  Paul Hibbs-Rines
7  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall
9  Suite 3000
   Sacramento, CA  95814-4497
10 Telephone:     (916) 447-9200
   Facsimile:     (916) 329-4900
11
   ALLISON E. PITIGOI (STATE BAR NO. 242211)
12 apitigoi@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
13 1000 Marsh Road
   Menlo Park, CA  94025
14 Telephone:     (650) 614-7400
   Facsimile:     (650) 614-7401
15
   Attorneys for Defendants
16 Seagate Technology LLC (erroneously sued as Seagate
   Technology, LLC) and i365 Inc. (erroneously sued as i365, Inc.)
17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                      SAN FRANCISCO DIVISION
20
   PAULA HIBBS-RINES, an individual, on        Case No. C08-05430-SI
21 behalf of herself and all other similarly
   situated, and on behalf of The State of     **STIPULATED PROTECTIVE ORDER**
22 California Labor and Workforce Development
   Agency as a Private Attorney General,
23                                             Dept.:        10
               Plaintiff,                      Judge:        Hon. Susan Illston
24
          v.
25
   SEAGATE TECHNOLOGY, LLC, a
26 Delaware limited liability company; I365 Inc.,
   a California Corporation; and DOES 1
27 through 10, inclusive,
28             Defendants.

1   1.      PURPOSES AND LIMITATIONS

2            Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6   Protective Order. The parties acknowledge that this Order does not confer blanket protections on

7   all disclosures or responses to discovery and that the protection it affords extends only to the

8   limited information or items that are entitled under the applicable legal principles to treatment as

9   confidential. The parties further acknowledge, as set forth in Section 10, below, that this

10  Stipulated Protective Order creates no entitlement to file confidential information under seal;

11  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

12  that will be applied when a party seeks permission from the court to file material under seal.

13  2.      DEFINITIONS

14          2.1     Party: any party to this action, including all of its officers, directors, employees,

15  consultants, retained experts, and outside counsel (and their support staff).

16          2.2     Disclosure or Discovery Material: all items or information, regardless of the

17  medium or manner generated, stored, or maintained (including, among other things, testimony,

18  transcripts, or tangible things) that are produced or generated in disclosures or responses to

19  discovery in this matter.

20          2.3     "Confidential" Information or Items: information (regardless of how generated,

21  stored or maintained) or tangible things that qualify for protection under standards developed

22  under F.R.Civ.P. 26(c).

23          2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely

24  sensitive "Confidential Information or Items" whose disclosure to another Party or non-party

25  would create a substantial risk of serious injury that could not be avoided by less restrictive

26  means.

27          2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a

28  Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

/ / /

/ / /

STIPULATED PROTECTIVE ORDER
CASE NO. C08-05430-SI

4.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

(a)      Exercise of Restraint and Care in Designating Material for Protection. In designating information as Protected Material, the party so designating will make such designation only as to that information which it believes contains secret, confidential, private, and/or proprietary information and must be protected against disclosure to non-parties.  Each party shall exercise good faith in designating information as Protected Material.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), Protected Material shall be designated by marking the page:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, Protected Material shall be designated by either (a) indicating on the record at the deposition that the testimony is  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to the provisions of this Order or (b) by notifying the opposing party in writing within twenty business days of the receipt of the transcript of those pages and lines or exhibits that contain information that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  No Protected Material may be read by anyone other than attorneys for the named parties, experts and consultants, and the deponent during said twenty

1   business day period.  Upon being informed that certain portions of a deposition disclose

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3   information, each party must cause each copy in their possession, custody or control to be so

4   marked immediately.  Transcript pages containing Protected Material must be separately bound

5   by the court reporter, who must affix to the top of each such page the legend

6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

7   instructed by the Party or non-party offering or sponsoring the witness or presenting the

8   testimony.

9             (c)      for information produced in some form other than documentary, and for

10  any other tangible items, that the Producing Party shall mark on the exterior of the container or

11  containers in which the information or item is stored: "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13            (d)      In the event that any Protected Materials are attached to, or quoted or

14  summarized in, any pleadings, motion papers or other papers filed with this Court or any other

15  court and said Protected Materials would be disclosed in any way therein, such Disclosures or

16  Discovery Materials, pleadings or papers shall be submitted to the Court with a request to file

17  under seal in accordance with this Court's Civil Local Rule 79-5. Copies of such documents

18  containing information subject to this Protective Order that are served on counsel for the parties

19  shall be similarly identified and shall be maintained as "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" as described herein.

21            (e)      Any pleadings, motion papers or other papers not filed under seal shall

22  have deleted therefrom all Protected Materials and all portions of such pleadings or papers that

23  would disclose the substance of Protected Materials, provided, however, that any Protected

24  Materials served upon Counsel of Record need not have said materials deleted therefrom.

25        5.3      Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

26  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

27  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

28  under this Order for such material. If material is appropriately designated as "Confidential" or

- 4 -

"Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3      Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in

1   question the level of protection to which it is entitled under the Producing Party's designation.

2   7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

3       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

4   produced by another Party or by a non-party in connection with this case only for prosecuting,

5   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

6   the categories of persons and under the conditions described in this Order. When the litigation has

7   been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

8   DISPOSITION).

9       Protected Material must be stored and maintained by a Receiving Party at a location and

10   in a secure manner that ensures that access is limited to the persons authorized under this Order.

11       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

12   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

13   information or item designated CONFIDENTIAL only to:

14         (a)    the Receiving Party's Outside Counsel of record in this action, as well as

15   employees of said Counsel to whom it is reasonably necessary to disclose the information for

16   this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

17   attached hereto as Exhibit A;

18         (b)    the officers, directors, and employees (including House Counsel) of the

19   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

20   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

21         (c)    experts (as defined in this Order) of the Receiving Party to whom

22   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

23   Bound by Protective Order" (Exhibit A);

24         (d)    the Court and its personnel;

25         (e)    court reporters, their staffs, and professional vendors to whom disclosure

26   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

27   Protective Order" (Exhibit A);

28         (f)    during their depositions, witnesses in the action to whom disclosure is

1    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

2    (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

3    Protected Material must be separately bound by the court reporter and may not be disclosed to

4    anyone except as permitted under this Stipulated Protective Order.

5            (g)     the author of the document or the original source of the information.

6            7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

8    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

9    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

10           (a)     the Receiving Party's Outside Counsel of record in this action, as well as

11   employees of said Counsel to whom it is reasonably necessary to disclose the information for

12   this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

13   attached hereto as Exhibit A;

14           (b)     House Counsel of a Receiving Party, (1) to whom disclosure is reasonably

15   necessary for this litigation, and (2) who has signed the "Agreement to Be Bound by Protective

16   Order" (Exhibit A);

17           (c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably

18   necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective

19   Order" (Exhibit A);

20           (d)     the Court and its personnel;

21           (e)     court reporters, their staffs, and professional vendors to whom disclosure

22   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

23   Protective Order" (Exhibit A); and

24           (f)     the author of the document or the original source of the information.

25   8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
             LITIGATION.
26

27           If a Receiving Party is served with a subpoena or an order issued in other litigation that

28   would compel disclosure of any information or items designated in this action as

STIPULATED PROTECTIVE ORDER
CASE NO. C08-05430-SI

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

1    11.    FINAL DISPOSITION.

2         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

3    after the final termination of this action, each Receiving Party must return all Protected Material

4    to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

5    abstracts, compilations, summaries or any other form of reproducing or capturing any of the

6    Protected Material. With permission in writing from the Designating Party, the Receiving Party

7    may destroy some or all of the Protected Material instead of returning it. Whether the Protected

8    Material is returned or destroyed, the Receiving Party must submit a written certification to the

9    Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

10   deadline that identifies (by category, where appropriate) all the Protected Material that was

11   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

12   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

13   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

14   of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

15   product, even if such materials contain Protected Material. Any such archival copies that contain

16   or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

17   (DURATION), above.

18   12.    MISCELLANEOUS

19         12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

20   seek its modification by the Court in the future.

21         12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

22   Order no Party waives any right it otherwise would have to object to disclosing or producing any

23   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

24   Party waives any right to object on any ground to use in evidence of any of the material covered

25   by this Protective Order.

26   / / /

27   / / /

28   / / /

STIPULATED PROTECTIVE ORDER
CASE NO. C08-05430-SI

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   Dated:  June 23, 2009                 MICHAEL L. TRACY
                                        MEGAN ROSS HUTCHINS

4                                        Law Offices of Michael L. Tracy

                                        _____

5                                          /s/
                                        MEGAN ROSS HUTCHINS

6                                        Attorneys for Plaintiff
                                        Paul Hibbs-Rines

7   Dated:  June 23, 2009                 JULIE A. TOTTEN
                                        ALLISON E. PITIGOI

8                                        Orrick, Herrington & Sutcliffe LLP

9                                        _____

10                                    /s/
                                        JULIE A. TOTTEN

                                        Attorneys for Defendants

11                              Seagate Technology LLC (erroneously sued as
                                Seagate Technology, LLC) and i365 Inc.

12                                (erroneously sued as i365, Inc.)

13       Pursuant to General Order No. 45, Orrick, Herrington & Sutcliffe attests that concurrence

14   in the filing of the Stipulation has been obtained from the other signatories which shall serve in

15   lieu of their signatures on the document.

16   PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18   DATED: _____                _____

19                                          Hon. Susan Illston

20                                    United States District Judge

21

22

23

24

25

26

27

28

1   <u>EXHIBIT A</u>

2   <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3   I, _____ [print or type full name], of _____ [print or type

4   full address], declare under penalty of perjury that I have read in its entirety and understand the

5   Stipulated Protective Order that was issued by the United States District Court for the Northern

6   District of California on [date] in the case of ***Hibbs-Rines v. Seagate Technology LLC et al.,***

7   ***Case No. C08-05430-SI***, I agree to comply with and to be bound by all the terms of this

8   Stipulated Protective Order and I understand and acknowledge that failure to so comply could

9   expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

10   not disclose in any manner any information or item that is subject to this Stipulated Protective

11   Order to any person or entity except in strict compliance with the provisions of this Order.

12   I further agree to submit to the jurisdiction of the United States District Court for the Northern

13   District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

14   even if such enforcement proceedings occur after termination of this action.

15   I hereby appoint _____ [print or type full name] of

16   _____ [print or type full address and telephone

17   number] as my California agent for service of process in connection with this action or any

18   proceedings related to enforcement of this Stipulated Protective Order.

19
20   Date: _____

21   City and State where sworn and signed: _____

22
23   Printed name: _____
             [printed name]

24   Signature: _____
             [signature]

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C08-05430-S