IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA HIBBS-RINES, et al., | No. C 08-05430 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** |
| v. | |
| SEAGATE TECHNOLOGY, LLC., et al., | |
| Defendants. / | |

On January 15, 2010, plaintiffs' unopposed motions for final certification of a settlement class and for an award of attorneys' fees and costs came on for hearing. The Court has issued a separate order granting final approval of the class action settlement.

The Court has reviewed plaintiffs' fee request and supporting documentation. Plaintiffs seek a fee award of 30% of the common fund amount. "[T]he district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). In the Ninth Circuit, the benchmark figure for percentage-based fee awards is 25% of the common fund amount. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). This amount may be adjusted upward or downward based on the circumstances of the case, including, as emphasized by plaintiffs, "the experience, reputation, and ability of the attorneys." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Plaintiffs seek a fee award of 30% of the common fund on the ground plaintiffs' counsel has experience in the technology field and has handled several other wage and hour class actions. *See* Mot. for Fees at 2. Although the Court credits counsel's experience and the favorable result obtained for the class, the Court finds that an upward departure from the 25% benchmark figure is not warranted in this case, and

that an award of 25% of the common fund amount constitutes fair and reasonable compensation for counsel's efforts.

The Court hereby awards plaintiffs' counsel attorney's fees in the amount of 25% of the settlement fund, as well as $4490.13 in litigation costs, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The awarded attorney's fees and costs, and interest earned thereon, shall be paid to plaintiffs' counsel from the Settlement Fund immediately after the date this Order is executed, subject to the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: January 20, 2010

SUSAN ILLSTON
United States District Judge