MICHAEL L. TRACY, ESQ. (SBN 237779)
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
mhutchins@michaeltracylaw.com
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff
PAULA HIBBS-RINES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULA HIBBS-RINES, et al.,<br><br>            Plaintiff,<br><br>      vs.<br><br>SEAGATE TECHNOLOGY, LLC, a Delaware limited liability company; I365, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. CV08-05430<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |

Plaintiff Paula Hibbs-Rines, individually and on behalf of all others similarly situated, and the settling defendants i365 Inc. ("i365") and Seagate Technology LLC ("Seagate") (collectively "Defendants") have entered into a Stipulation and Settlement Agreement (the "Settlement" or "Settlement Agreement") to settle the above-captioned class action (the "Action") subject to the Court's approval.  The Settlement provides for the payment of compensation to each Class Member who did not opt out.

The complaint in this matter was filed by plaintiff Paula Hibbs-Rines on December 3, 2008, in the United States District Court for the Northern District of California, Oakland Division, as a putative class action and representative action on behalf of "all current and former employees of i365 in California, regardless of job title, who were primarily engaged in the design,

installation, or configuration of computer networks or who were primarily engaged in the backup and recovery of computer data within the four years preceding the filing of the Complaint. The Settlement Class ("Class Members") consists of all of i365's current and former employees in California who were classified as exempt holding the job titles of Customer Support Representative, Customer Service Representative, Senior Customer Support Engineer, Technical Support Representative, Technical Support Engineer I (Level 1), Technical Support Engineer II (Level 2), Technical Support Engineer III (Level 3), Senior Technical Support Engineer, Vault Administrator, Senior Vault Administrator, Vault Operator or Vault Manager ("Covered Job Titles") during the time such employees held a covered job title from the period December 3, 2004 through July 21, 2009 (the "Settlement Period").

Plaintiff contends that the Class Members were unlawfully misclassified as exempt, that the Class Members worked overtime hours during the Settlement Period, and thus are entitled to a judgment for overtime compensation. Plaintiff also seeks additional relief on a class-wide basis for related claims. Defendants deny that the Class Members are entitled to overtime compensation and/or related relief because Defendants contend that the Class Members were all properly classified as exempt under one or more of the applicable California and/or federal overtime exemptions. Furthermore, Plaintiff contends that Seagate and i365 are joint employers and/or alter egos. Defendants deny these allegations.

During the seven months following the filing of the Complaint on December 3, 2008, the Parties conducted significant investigation of the facts and law. Such discovery and investigations included the exchange of Rule 26 disclosures and informal discovery. Plaintiff and i365 made numerous requests for documents and information, which they agreed to exchange informally prior to mediation, on July 21, 2009. i365 produced relevant company policies, information regarding the reclassification of certain putative class members, organizational charts, the total number of putative class members and total workweek and average hourly rate information for the putative class. In addition, Defendants conducted interviews with human resources managers and managers of the putative class. Furthermore, Plaintiff disclosed numerous documents, including policies, job descriptions and payroll information, electronic

communications and overtime calculations prepared by Plaintiff's counsel. Plaintiff also prepared a detailed spreadsheet, based on her own documents and recollections, that listed the potential class members and their various job titles.

Following informal discovery, the parties submitted this matter to mediation before Joel Grossman, Esq., of ADR Services, Inc. At the mediation, the parties accepted a mediator's proposal, which was memorialized in a Memorandum of Understanding, executed by the parties. Thereafter, the parties prepared a Stipulation and Settlement Agreement, which was executed by the parties on September 4, 2009. This Stipulation and Settlement was submitted to the Court pursuant to the Motion for Preliminary Approval of Class Action Settlement.

On October 9, 2009, the Court heard the parties' Motion for Preliminary Approval and granted the parties' Motion for Preliminary Approval of this settlement, conditionally certified the class for settlement purposes only, approved the Notice of Pendency of Proposed Settlement, Proposed Settlement and Hearing Date for Court Approval ("Notice"), the Qualifying Workweek Statement, the Objection to Qualifying Workweek Statement and the Request for Exclusion forms, appointed the class representative, designated class counsel, appointed defendants as settlement administrator, and set timelines for the settlement procedures.

Pursuant to the Court's Preliminary Approval Order, the parties designated a settlement administrator. On November 9, 2009, the Settlement Administrator, sent to the Class Members the Settlement Class the Notice of this settlement via first class mail. The Notice contained a Qualifying Workweek Statement, which set forth each respective Class Member's number of qualifying workweeks and approximate Settlement Payment. The Notice also contained an Objection to Qualifying Workweek Statement and a Request For Exclusion Form. The Notice explained the background for this case and contained detailed instructions on how to object to the Qualifying Workweek Statement or opt out of the Settlement Class. Multiple follow-up mailings were performed for any returned mail. The notice program was timely completed.

In response to the Notice, the Settlement Administrator received six (6) Objections to the Qualifying Workweek Statements, which have been resolved. Thus, no disputes remain as to the number of Qualifying Workweeks. Defendants received only one (1) Request for Exclusion from

the Settlement Class by William Schneider, Jr., totaling only about 2 % of eligible Class Members.  No Objections to the settlement were filed with the Court and/or served on counsel for the parties.

This matter is now before the Court on Plaintiff's Motion for Final Approval of the Class Action Settlement including approval of Class Representative Enhancement award, Class Counsels' Application for an Award of Attorneys' Fees and Costs, Private Attorney General Act Payment and Settlement Administration Expenses.  The Court has read, heard, and considered all the pleadings and documents submitted, and the presentations made in connection with the Motion and Application which came on for hearing on January 15, 2010.

This Court finds that the proposed settlement was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals.  The Court finds that the settlement was entered into in good faith.  The Court further finds that the settlement is fair, reasonable and adequate and that plaintiffs have satisfied the standards for final approval of a class action settlement under Federal Rule of Civil Procedure 23.  Certification of a settlement class is the appropriate judicial device under these circumstances.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1.  This Court has jurisdiction over the claims of the Settlement Class Members asserted in this proceeding and over all parties to the action.

2.  For the reasons set forth in the Preliminary Approval Order, which is adopted and incorporated herein by reference, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the proposed settlement.  The Court hereby makes final its earlier provisional certification of the plaintiff class, as set forth in the Preliminary Approval Order.

3.  The notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil

1 Procedure, the Constitutions of the United States and the State of California, due process and
2 other applicable law. The summary notices fairly and adequately described the Settlement and
3 provided Class Members adequate instructions and a variety of means to obtain additional
4 information. A full opportunity has been afforded to the Settlement Class Members to participate
5 in this hearing, and all Settlement Class Members and other persons wishing to be heard have
6 been heard. Accordingly, the Court determines that all Class Members who did not timely and
7 properly execute a Request for Exclusion are bound by this order and judgment.

8     4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby grants
9 final approval to the Settlement and finds it reasonable and adequate, and in the best interests of
10 the Settlement Class as a whole. Accordingly, the Court hereby directs that the Settlement be
11 effected in accordance with the Settlement Agreement and the following terms and conditions.

12     5. It is hereby ordered that the Gross Fund Value of Two-Hundred Thousand
13 dollars ($200,000) is fair and reasonable. Therefore, this Court orders that the Gross Fund Value
14 be paid and allocated according to the terms of the Settlement Agreement.

15     6. It is hereby ordered that the Class Representative Enhancement award of
16 Seven-Thousand Five-Hundred dollars ($7,500) is fair and reasonable. Therefore, this Court
17 orders the Class Representative Enhancement of Seven Thousand Five Hundred dollars ($7,500)
18 be paid to the class representative, Paula Hibbs-Rines, for the work she provided to the class and
19 class counsel, according to the terms of the Settlement Agreement.

20     7. It is hereby ordered that the Private Attorney General Act ("PAGA")
21 Payment in the amount of Five-Thousand dollars ($5,000) is fair and reasonable in satisfaction of
22 all amounts payable under the California Labor Code's Private Attorney General Act of 2004.
23 Therefore, this Court orders the PAGA Payment to be paid to the to the Labor Workforce and
24 Development Agency in the amount of Five-Thousand dollars ($5,000), according to the terms of
25 the Settlement Agreement.

26     8. It is hereby ordered that the Settlement Administration Expenses payment
27 of Five-Thousand Five-Hundred and Eighty-Nine dollars ($5,589) is fair and reasonable.
28 Therefore, this Court orders the Settlement Administration Expenses payment of Five-Thousand

[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE
OHS West:260809884.1

Five-Hundred Thirty Three dollars ($5,589) be paid to Rust Consulting, Inc., according to the terms of the Settlement Agreement.

9.  With this final approval of the proposed Settlement, it is hereby ordered that the "Settlement Class Members' Released Claims," as defined more fully in the Settlement Agreement and below, are hereby barred.  Settlement Class Members release i365 and Seagate, their parents, subsidiaries, affiliates, and all of their employees, officers, agents, attorneys, stockholders, successors and assigns (the "Released Parties"), from any and all claims, known and unknown, for unpaid wages, penalties, interest and related benefits allegedly owed by i365 from December 3, 2004 through and including the date on which the Court enters Final Approval of the Settlement, under California or other state law or federal statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of back pay, damages, interest, penalties, attorneys' fees or injunctive relief, whether in contract, tort, or pursuant to a statutory remedy, including, but not limited to:  (1) any claims arising under the California Labor Code, the applicable Wage Orders of the California Industrial Welfare Commission, and the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.; (2) any claims for unfair business practices (including unlawful, deceptive, or unfair business practices prohibited by the California Business and Professions Code § 17200 et seq.); and (3) any claims that i365 and/or Seagate did not comply with all federal and state wage-and-hour laws, regulations and ordinances, and/or common law, including claims that i365 and/or Seagate improperly classified employees as exempt, failed to provide them with breaks or meal periods, failed to keep records properly, failed to provide timely or accurate itemized wage statements, or failed to provide timely or accurate final paychecks ("Settlement Class Members' Released Claims").

10.  ~~For the reasons set forth in the Memorandum of Points and Authorities in Support of Class Counsel's Application for an Order Awarding Attorneys' Fees and Class Representative Enhancement and the accompanying declarations and documents, Class Counsel's attorney fee request for Sixty-Six Thousand Six-Hundred Sixty-Six dollars and Sixty-Seven cents ($66,666.67), one-third of the total value of the Gross Fund Value, is hereby granted pursuant to federal rules, because *inter alia*, Class Counsels' request falls within the range of reasonableness~~

-7-

1  and the result achieved justified the award.

2  10. The Court approves the dismissal without prejudice of Seagate from this
3  Action and orders Plaintiff to file such dismissal on or before the Effective Date of the Settlement
4  Agreement.

5  12. Without affecting the finality of this judgment, this Court shall retain
6  exclusive and continuing jurisdiction over this action and the parties, including all Settlement
7  Class Members, for purposes of supervising, administering, implementing, enforcing, and
8  interpreting the Settlement Agreement and the claims process thereunder.

## **JUDGMENT**

Judgment is hereby entered according to the terms set forth above.

IT IS SO ORDERED.

Dated: 1/20/10

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE